**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Jeffrey L. Anderson,** | ) | **CASE NO. 5:24 CV 1297** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | |
| **Dr. Courtney Kohberger,** | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Jeffrey L. Anderson filed this action against Dr. Courtney Kohberger. (Doc. No. 1). Plaintiff also filed a motion to proceed *in forma pauperis*. (Doc. No. 2). The motion is granted. But for the following reasons, plaintiff's complaint is dismissed.

### BACKGROUND

Plaintiff's complaint is very brief. It states only that "Dr. Courtney Kohberger had me forced medicated ... which cause[d] me to have a Type II diabetes condition and Clozaril which destroys my white blood cells and opens my body up for infections and organ failures." (Doc. No. 1 at 5-6). Plaintiff seeks ten million dollars in damages.

### STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma*

*pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## DISCUSSION

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (District courts are not required to conjure up questions never squarely presented to them or to construct full claims from sentence fragments. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff. . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.") (citation omitted). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8, plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (all complaints must contain either direct or inferential allegations respecting all material elements of some viable legal theory to satisfy federal notice pleading requirements) (citations omitted).

Here, plaintiff's complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to set forth "a short and plain statement of [any] claim

showing that [plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Rather, plaintiff's very brief complaint is almost completely devoid of facts, and it fails to assert a cognizable claim based on recognized legal authority. This Court and the defendant are left to guess at basic elements of plaintiff's purported claim. The complaint does not satisfy the minimum pleading requirements of Rule 8 and is, therefore, dismissed on this basis.

## CONCLUSION

Accordingly, plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and this action is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
Dated: 10/9/24     United States District Judge